**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEBORAH KOHS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| GUARDIAN SECURITY SERVICES INC., | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S  COMPLAINT**

NOW COMES DEBORAH KOHS, by and through her attorney, Michael P. Latz, and for her Complaint against Defendant, states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendants' discrimination on the basis of Plaintiff's disability, Defendants' failure to accommodate Plaintiff's disability, and Defendants' retaliation against Plaintiff for engaging in a protected activity under the ADA.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq.*

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* have occurred or been complied with.

5. A charge of employment discrimination on the basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiffs receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Guardian Security Services, Inc. (hereinafter "Guardian") doing business in Cook County, Illinois, whose address is 3300 W. 127th St., Blue Island, IL 60406.

9. Plaintiff was employed by Defendants as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendant had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

2

## BACKGROUND FACTS

11.     Plaintiff worked for Defendants as an Operations Assistant from March 11, 2020 until her unlawful termination on or around March 16, 2020.

12.     The essential job functions/duties of Plaintiff's job included but were not limited to:

- Creation of client price proposals;

- Creation of client budgets;

- Creation of correspondence and business letter;

- On-line research;

13.     Plaintiff suffers from diabetes which causes her to be more susceptible to infection. Plaintiff learned that COVID-19 was especially dangerous for people with diabetes.

14.     Plaintiff performed or could have performed the essential functions of the job with or without accommodations.

.

15.     Plaintiff is a "qualified individual" as defined under the ADA.

16.     In March of 2020, Public Health officials were warning people of the dangers associated with COVID-19 infection. In reaction to COVID-19 hospitalizations and deaths, non-essential workers were ordered to stay home, and all workers were urged to work from home if possible.

17.     On March 9, 2020, the Illinois Governor proclaimed the entire State a disaster area. He later banned gatherings of 1,000 people or more and closed all schools, restaurants, and bars.

18.     On March 11, 2020, the World Health Organization declared COVID-19 a global pandemic.

3

19.    On March 13, 2020, the President of the United States declared a national emergency.

20.    On March 20, 2020, the Illinois Governor ordered everyone to shelter at home with the exception of "essential" activities and services, and to maintain six-foot distance from others.

21.    Due to the Plaintiff's diabetic condition, she was told by her doctor that COVID-19 posed a greater risk of death  to her.  Plaintiff advised Guardian of this recommendation, and Plaintiff requested of Guardian that she be allowed to either work from home, or delay her start due to the dangers posed by a COVID-19 infection.

22.    Defendants failed to engage in the interactive process of providing Plaintiff with accommodations, and instead terminated her employment.

23.    Upon requesting an accommodation from the Principle of Guardian, Michael Malinowski, he told Plaintiff that she was terminated.  Plaintiff needed the job and wanted to keep her employment with Guardian, Plaintiff essentially begged for her job, and she  asked Malinoski to reconsider his decision, and Plaintiff rescinded her request to delay her training,   He responded by saying, "No sorry, we are letting you go."

24.    Ultimately, on or about March 17, 2020, Guardian terminated Plaintiff's employment on the basis of her disability and for engaging in a protected activity by requesting an accommodation as described above.  Defendant failed to even attempt to accommodate Plaintiff's disability, despite Plaintiff's reasonable request..

25.    The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

### COUNT I
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

26.    Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

.

27. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

28. Plaintiff met or exceeded performance expectations.

29. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

.

30. Defendants terminated Plaintiff's employment on the basis of Plaintiff's disability.

31. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

32. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

33. Defendants acted in willful and/or reckless disregard of Plaintiffs protected rights.

34. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

.

**COUNT II**
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

35.     Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

36.     By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices by failing to accommodate Plaintiffs disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.*

37.     Plaintiff is a qualified individual with a disability.

38.     Defendant was aware of the disability and the need for accommodations.

39.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

40.     Plaintiff's reasonable accommodation that was requested was not an undue burden on Defendants.

41.     Defendant did not accommodate Plaintiff's disability.

6

42.     Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq.,* due to Plaintiff's disability.

43.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

44.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

.

## COUNT III
### Violation of the Americans with Disabilities Act
### (Retaliation)

45.     Plaintiff repeats and re-alleges paragraphs 1-25 as if fully stated herein.

46.     Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

47.     During Plaintiff's employment with Defendant, Plaintiff requested accommodations for her disability.

48.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

.

7

49.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations for her disability, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

50.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

51.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

52.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

Dated: December 18, 2023

Respectfully submitted,

Michael P. Latz
Plaintiff's Attorney

Michael P. Latz
104 N. Oak Park Avenue #200
Oak Park, IL    60301
708-434-0565
ARDC # 6201519

8